Hear ye, hear ye. This Honorable Appellate Court for the 2nd Judicial District is now open. The Honorable Robert D. McLaren presiding. Your Honors, the first case on the docket this morning is 2-20-0563. Robert Soltysik and Bess Moe Hanks, individually and on behalf of all similarly situated plaintiffs' appellants, the Parsec, Inc. Defendant Appellee. Arguing on behalf of the appellant, Mr. David J. Fish. Arguing on behalf of the appellee, Mr. Jason A. Selby. Thank you. Mr. Fish, you may proceed. Thank you, Your Honor, and good morning. May it please the Court, my name is David Fish and I represent the plaintiff appellants in this case. Today we're asking that you reverse the trial court's decision to dismiss the case for lack of subject matter jurisdiction and make a finding that the defendant waived its right, any right that it may have had, to have this case heard in a union arbitration forum. Briefly, by way of background, this case was brought under the Illinois Biometric Information Privacy Act. This is a law that protects biometric information. If you have a cell phone, for instance, and you don't type your password in, but you scan your face or you put your finger on it, that's taking your biometric information, and this is an important law that has been designed to prevent that information from making it into the hands of hackers and other no-do-gooders and to protect consumers within the state of Illinois. Counsel, excuse me, good morning. Though you assert as part of your argument that the defendant waived its right to challenge jurisdiction as it was not part of the original motion to dismiss, you would agree, would you not, that arguments pertaining to subject matter jurisdiction can never be waived? I do agree with that, Your Honor. Okay. So, and that, of course, is Bellville-Toyota. Well, how then, how do you believe that they waived their right? Sure. This is not a subject matter jurisdiction issue. Okay. So, you believe it's then preemption? I think it relates to, I think preemption is the appropriate analysis, and in this case specifically, it's whether they waive their right to compel arbitration under preemption principles. So, this case, Your Honor, does not turn on subject matter jurisdiction. The court, and that's been our, they're very interrelated, but our point has always been that the analysis that the trial court made in looking at this as a subject matter jurisdiction was incorrect. This is not a subject matter jurisdiction issue, and the reason for that is there are certain laws that state courts don't have subject matter jurisdiction. Like, for instance, we all know you can't file bankruptcy in state court. There's exclusive federal jurisdiction over bankruptcy law.  Again, that does not prevent a state court from having subject matter jurisdiction to adjudicate that case. So, the starting point, of course, is the plain language of the statute to determine whether there's subject matter jurisdiction, and they said that there was no subject matter jurisdiction under the Labor Management Relations Act, LMRA. And if you look at the LMRA, the plain language of it, it doesn't say anything about state courts not having jurisdiction, subject matter jurisdiction, to entertain those lawsuits, unlike the bankruptcy law. It does, but counsel, doesn't it reflect that if there is a collective bargaining agreement, and we know that there is in this case because it had been attached to one of the pleadings, or somehow it's in a record, we do know that, generally speaking, we are not in a position as a state trial court to analyze that if the union who is identified as the sole agent is not before us, and we don't have the union before us, do we? You do not have the union before you. That's correct. So, how can we proceed? Because the union is not a part of this dispute. And so, regularly, and we cite case law, where employees sue employers without the union being a party to the case, and those cases get resolved in federal court, they get resolved in state court. This is a claim, a state statutory claim, that we brought against Defendant Parsek, not against the union. And so, if you look at the Labor Management Relations Act, it says, in fact, that suits can be brought, it references that they may be brought in federal court. We cite, as an example, Judge, in our reply brief, we cited the Hayes-Beer distributing case, which was just Byrne versus Hayes-Beer's distributing. That's a recent Illinois appellate court case, where an employee sued their employer for not paying them correctly. They were deducting for what they called stale beer from people's paychecks. And the Illinois appellate court said there, the defendant argued, hey, there's a collective bargaining agreement, and there's this case law that says, if there's a collective bargaining agreement and it governs the issue at hand, there is some Illinois case law where there was, for instance, a case law that says, if there's a collective bargaining agreement, the case law is to determine overtime. Collective bargaining agreements will say, this is how you determine whether overtime is computed properly. And in the Hayes-Beer distributing case, they allowed the case to go forward. They said it was not preempted. And the reason is, is it arose out of a statutory claim. The Illinois wage payment collection act says you can't deduct money from an employee's paycheck. And that's what the statute says, you can't do it. The employer was doing it and the Illinois appellate court said, okay, that case can proceed because that's different than, for instance, a claim saying that you were paying us wrong. So case after case, the Sweeney case that we cite, several cases allow these cases to proceed in court without a union. And the reason is there are some federal laws that say you cannot proceed in state court. The Miller versus Southwest airlines case that the defendants rely on pretty extensively was, was based on a similar, but very different law. It was the railway labor act law, both laws that labor management relations act and the art and the railway labor act, they both have RLA. So they can be a little confusing, but they're very significantly different. The Miller case, the RLA, the railway labor act specifically has within the statute and a proceeding where you go to an adjustment rather than being in court. So that statute says you have to go to this adjustment board and the seventh circuit in that case, understandably said, look, the statute says you go to this adjustment board. And so unions, you can't sue an employer that's subject to the union here under the railway labor act. Excuse me, counsel, but doesn't the labor management relations act. And I'm going to use the words because I can never remember the, the initials in order. Doesn't it say that if there is an issue that could have been part of, or should have been part of negotiations that I, in the collective bargaining agreement, that that collective bargaining agreement puts this case in federal court different than the railway labor act or the other, the other act that we were talking about, because I don't think that the, a union based upon the Miller K or the, not the Miller case, but the Hayes case could say, okay, you can take, you can take money from our, our members for stale beer because they know there's a statute, but they could have, and they may have, and we don't know that negotiated about this very issue, how to manage these issues. Pardon me. Yeah. So first of all, there was just as in this case, there's absolutely nothing in the collective bargaining agreement that relates even remotely to biometric rights. And the defendants didn't attach to their motion to dismiss anything indicating that it was ever a subject of their negotiations. So there was, there's nothing in the record. The defendants are basically just saying, Hey, even though the collective bargaining agreement doesn't even mention biometric rights, trust us. It could have been discussed. They don't attach anything to their motion to dismiss that suggests that it was. And going back to the Hayes distributing the beer case, very similar issue there. And the court said, Hey, look, this isn't expressly addressed in the collective bargaining agreement. There's nothing for us to interpret in the collective bargaining agreement relating to the right to deduct wages. And so I would submit your honor that again, it goes back to the question of, is this a subject matter jurisdiction issue? Because it, it. Is related to a subject matter jurisdiction, but it is not a subject matter jurisdiction issue. If you look at justice Myers coughs, concurring opinion in the stole versus United way. Case. I realize it's not the opinion of the court, but she went to great lengths to write a concurring opinion in that case. To address the difference between subject matter, Jurisdiction and the LMRA. And I really think she hit the nail on the head there. And she pointed out her quote was that LMRA preemption can have subject matter, jurisdiction implications, but it's a distinct issue. Because section 301 of the labor management relations act. While it applies for the application of federal law. It doesn't provide for exclusive federal jurisdiction. So in that case, it sounded like the appellate court had asked the parties to submit supplemental materials on whether there was even subject matter, jurisdiction for the court to hear the appeal. And she was very careful to analyze that issue and make sure that there was subject matter, jurisdiction before the court. And in, in her opinion, and I believe she's now a federal judge. In her opinion, in her opinion, in that case, she concluded that, Hey, look, subject matter, jurisdiction can be waived. It's not, it's not one of these issues like bankruptcy law. Like if, if you go through a, if you're trying to adjudicate a bankruptcy issue in, in state court, there would be no subject matter, jurisdiction. And she pointed out, it's not one of those laws that she cited to the Sweeney case from the first circuit, which also goes into great detail to talk about the difference between subject matter, jurisdiction and whether you have the ability to hear a case and therefore whether it can be waived and the issue in this. Well, counsel, isn't it true though, that even if subject matter, well, we're reviewing this record. And we're reviewing not necessarily the precise issue that the trial court has identified, but we're reviewing the judgment, which was the dismissal. And we can look at this record to determine what, if any position is correct. And therefore can't we consider that since preemption was part of this record, can't we just decide this case on the issue of preemption itself? Your honor, we have conceded for purposes of this appeal that, that the defendant could have moved. So we're not, we're not raising the preemption issue. We aren't challenging that on, on appeal here, but what we are saying is that they've waived it. So the issue is that we've raised on this, on this appeal is whether they could have brought this clip, whether they, in other words, judge, we're not saying that Miller was decided wrong or that any of the other federal cases are wrong. In all of those cases, what happened was the defendant, you know, they got sued and they attached their collective bargaining agreement and said, Hey, this has to go to union arbitration. And they all did that as their first motion to dismiss. We're not challenging that. What we're saying here judge is that you don't get two bites of the apple. They raised substantive and dispositive issues in their first motion to dismiss. They didn't like the way that the rulings were coming out in cook County on these biometric cases. They saw one in DuPage County and they raised substantive issues, statute of limitations. They argued that the statute required that we prove negligence, complete negligence. And they said it was preempted by the workers compact. So they brought these substantive issues before the trial court. And when that didn't go well, they obviously knew about preemption at that point. They obviously knew that they were, I mean, they're a massive unionized employer and they obviously knew that they could compel. I mean, Miller had been decided by the time that they had filed their initial motion. And they decided, Hey, we want to have this issue adjudicated. In DuPage County. So they didn't the first motion, although it was basically taught it. They argued time-barred initially statute of limitations. Didn't it also include a preemption? Argument that, That really never got reached because the judge decided on the first issue. No, the only preemption, the only thing relating to preemption in the first motion dismissed was that it was preempted by the workers compensation act. So there was, there was, I mean, they, they were raising meaty substantive issues and asking for dismissal with prejudice in the first motion to dismiss. And, and it went bad for them. They wanted this adjudicated in DuPage County. And they raised these issues and they, I mean, statute of limitations at that point was a very open issue and no, no appellate court had decided that workers comp was an open issue. What you needed to prove to, to get a biometric case past the pleading stage was. Can I interrupt? You may of course. My understanding of procedure is, is that you can file. Multiple motions to dismiss. So long as. The trial court either grants. Or exercise its discretion in accordance with allowance thereof. Or. The motion is brought before an answer is required. So if there's supposed to be a waiver here, which of those two instances. Would have an effect on your argument or with both. Sure. I agree that you can bring successive motions to dismiss. But I disagree that you can. Raise a substantive issue. Lose and then say, oh, we don't want to be in front of you, your honor. We want to go to arbitration. So absolutely. You can bring multiple motions to dismiss. But you cannot raise a dispositive issue with the court. And when it doesn't go well, say, I don't want to be in this court. That is, that is the absolute. That is the absolute. Example of waiver. They sought dismissal with prejudice on substantive grounds. Said we can have the new page county court adjudicate this case. And then when they didn't, when, when they got a horrible ruling said we want this to go to union arbitration. If, if they had dismissed. If they had gotten their motion to dismiss granted. And not only did they file the motion dismissed, they filed a 308 petition to have their motion to dismiss heard by this court. And then when they realized that that wasn't going well, it was at that point that they said, ah, let's, let's go down the road of arbitration. And that's what you can't do when you submit. And we cite the case law in our brief. When you submit a substantive issue for resolution to a court, you are then stuck at that court. If you don't like the decision that came down by that court, too bad. You're stuck there. That's a waiver and the court plainly had subject matter jurisdiction, or they wouldn't have raised those issues. Those substantive issues. Your time is up. I've given you a little bit more time. Thank you. Before the appellee makes argument, are there any other questions from the panel? Not at this time. Thank you. You'll be given an opportunity to make rebuttal. Thank you, your honor. Mr. Selvey, would you proceed with your argument, please? Or Selvey. Good morning. I may have pleased the court. My name is Jason Selvey. And I represent the appellee. We asked this court to affirm the circuit court's dismissal of plaintiff's complaint for lack of subject matter jurisdiction. Or to dismiss plaintiff's appeal outright. Now appellants raises several issues here, but there are really only two issues that are properly before this course. First, whether plaintiff actually forfeited any argument on whether the circuit courts ruling that it lacks subject matter jurisdiction was correct by failing to raise anything about subject matter jurisdiction and their opening brief or alternatively, and the court need not actually get there in this case, whether the circuit courts correctly ruled that it lacks subject matter jurisdiction over the plaintiff's claims, because they're preempted by section 301 of the labor management relations act. Everything else plaintiff raises has been forfeited is nondispositive or is baseless. In fact, in law. And that was demonstrated in our brief and I'll discuss some of the points here, but really this case comes down to two things, or this appeal comes down to two things. Plaintiffs conceded two key points. First they've conceded that their claims are preempted by section 301 of the labor management relations act, just like all BIPOC claims. And by the way, the biometric information act week information privacy act, we call it BIPOC. So these kinds of BIPOC claims are subject to preemption under section 301 and the plaintiffs admit as they must that defects in subject matter jurisdiction are never waivable, whether you filed a motion to dismiss on substantive grounds or whether you file a motion to dismiss for lack of subject matter jurisdiction based on a case of when you filed your initial motion to dismiss. And that's my reference to Miller there. Well in Miller though, there was a very specific reference in the statute or in, in the federal statute to this board of adjustment. We don't have that in the labor management relations act. Do we justice? You are absolutely correct that the RLA has an adjustment board while the labor management relations act does not. And in fact, the labor, the labor management relations act says that these matters may be heard in federal court. Isn't that true? It is true justice, but I think that's not the precise issue here. The thing that the circuit court decided was subject matter jurisdiction. And that's what I think is relevant here, regardless of whether this could be in the DuPage County court or whether it could be in federal court, it actually doesn't matter for subject matter jurisdiction purposes, no matter where it is, the court cannot interpret the collective bargaining agreement pursuant to the labor management relations act. The claim is preempted and they lack in the courts, whether it be DuPage County, whether it be the Northern district of Illinois, they lack subject matter jurisdiction. And actually while we didn't talk about it during Mr. Fish's argument, there have been several district court opinions decided since Miller that have held exactly what I just referred to, which is that these sorts of BIPA claims, these sorts of claims under the biometric information privacy act that are brought by unionized employees. And by the way, in all of these cases, for all material purposes, the fact pattern is exactly the same in these cases for these kinds of cases. If a defendant moves to dismiss the court finds it's preempted by section 301 of the labor management relations act, just like the circuit court found here. And they find that they lack subject matter jurisdiction. I would tell you this has become, I think settled law in the seventh circuit at this point. So the circuit court would have had no authority to enter an order compelling arbitration. Is that what you're saying? That is absolutely correct. It lacks subject matter jurisdiction. The moment section 301 of the LMRA applied, the court was divested of jurisdiction and the circuit court properly did the only order it could possibly do, which was dismissing for lack of subject matter jurisdiction. How do you respond to counsel's argument that you have had two bites at the apple, that by raising substantive issues on the first, with the circuit court that you waived the right to proceed in a different form. Sure. And I'll say two things on this first for practical purposes, the Miller case, which, you know, made clear what was, you know, what the law was in this area after the, the law suits have exploded over the past couple of years. And Miller was the first case to look at this in this context, that case was decided. I want to say about three weeks before we filed our motion to dismiss. And we hadn't digested it at that point yet. And we brought it soon thereafter, but we were, we can't write, sorry, excuse me. We cannot waive subject matter jurisdiction, no matter what. And again, Miller in the RLA and several district courts in the Northern district have properly found just as the circuit court found that this is all about subject matter jurisdiction, which can't be waived. And by the way, as I recall on the record, judge French Malin gave us permission to file this motion. And any of them, we, we went on to file this after the decision. And again, it's subject matter jurisdiction. And it wasn't as if the case was in a posture where we were about to go to trial. We had had a motion to dismiss, denied. We had an answer. It was still very early in the proceedings for practice. The council is arguing that subject matter jurisdiction is really not what's at issue here. It's a little more nuanced than that. As you heard him argue. I did hear that. I respectfully disagree. And I say that because of this, which is just like Miller found Miller said that this question, this question of whether or not a union could consent on behalf of its staff or staff, excuse me, it's employers. They found that you cannot possibly adjudicate that issue without reference to the CBA because it is a mandatory subject of bargaining. And if you have to do that, the LMRA says, Hey, if you have to interpret the collective bargaining agreement, it doesn't matter which court you are. It doesn't matter if it's a state court or federal court, there is preemption and that court lacks subject matter jurisdiction. Did you ever argue lack of personal jurisdiction of a necessary party? We did not judge. We did not. And in part, why we did that was again, the court just lacked subject matter jurisdiction. Even if the union was there, we'd argue that under the LMRA, that's if it, if it could not be in court at that point, that if whether the union was there or wasn't there, we would argue it would have to be elsewhere. If anywhere, essentially. Now, justice McLaren may have another question, but while he's thinking about it, I want to ask, even though Hayes was, Hayes beer was decided before Miller. How exactly did the state court decide that case on what basis? Yeah, I would have to look at the case again, a judge, but here, here would be my general answer is that the way that you are paid is something that the courts have found is not something that is subject to this sort of preemption and lack of subject matter jurisdiction that I've referred to because it is not a man. It, while it may be a subject of bargaining, it does not require the same interpretation of the collective bargaining agreement that the court was found that for example, the Miller court found was necessary. And here, especially in these instances, I think the federal courts have to guide us because they are under a Supreme court, Illinois, not sorry, excuse me, us Supreme court precedent. The federal courts are sort of the governors of forming a uniform body of federal law in the labor arena. And so here, that's actually what the federal courts are doing with Miller and an unbroken line of district courts that have correctly found that there is preemption and a lack of subject matter jurisdiction and these sorts of cases. So I didn't matter. I'm sorry. Go ahead. Justice. Did it matter that BIPA was not part of the, this collective bargaining agreement is Mr. Fish indicated. I agree that the words were not referenced in there. And I would say that it doesn't. And it's for the reasons that the Miller court said, which is that it would be the mandatory subject of bargaining. And you could not possibly decide that issue without reference to the CBA. And that causes preemption under the LMRA section three Oh one. And then a lack of subject matter jurisdiction. And so, and by the way, I would just say for the purposes of Miller being the RLA and the district court cases, I'm referring to like, like Petrie and gray and Gil, it makes no difference that those are actually different. That those are different acts as the seventh circuit is found in, for example, the Illinois railroad case that we cited in our brief, the preemption standards under the two laws are virtually identical. It's a distinction without a difference. And so these district courts have confidently said, and just like the circuit court in this case said is that flowing from the LMR that the LMRA and RLA are the same for these purposes. And again, there's preemption and a lack of subject matter jurisdiction, which again, I would say is the, actually the only issue for this court to decide beyond whether or not the appellants waived the issue here. Other than that, it's just whether as the circuit court found there is a lacking in subject matter jurisdiction in this case, pursuant to that unbroken line of federal precedent regarding section three Oh one preemption and also lack of subject matter jurisdiction in these types of cases. It's, and I would say again, while this is new, this is really an unbroken line in federal court. I would say it's, it's, it's basically settled law at this point and the circuit court correctly reached the same conclusion based on the same analysis in this case. Have you seen any case law indicating that if a necessary party has not been joined, that there is a lack of jurisdiction and it has been denominated subject matter jurisdiction or has it just been called generally lack of jurisdiction? The justice, I would have to follow up with you on that. I cannot recall any case law off the top of my head, but we could certainly address that if your honor would like us to. Well, in a way I'm asking you how many pins can you stick in the head of an angel? So in that regard, I don't know that your research would find anything to be honest with. Okay. Okay. You still have four minutes, I believe, or thereabouts. Sure. And if you, if you don't mind, I'm going to jump around a little bit because I do want to address a few things that were raised for the first time in appellees appellants brief rather. And one thing is, is those, those district court cases I'm referring to like Gil Roberson, Petrie gray, and also Miller in their reply brief in a sort of roundabout way. The appellant says something along the lines of, well, those cases don't really support subject matter jurisdiction. And respectfully, that's, that's just flat wrong. The Miller case states that dismissal would be appropriate under subject matter jurisdiction under federal rule of civil procedure 12 B one or under rule 12 C it doesn't say that subject matter jurisdiction is not appropriate. And as far as the Roberson case goes and also pardon me, the Roberson case and also the Fernandez case, I believe appellant states that the courts there actually found that they had jurisdiction and that's incorrect. What actually happened there is that those cases were removed to federal court, which I agree is allowed. However, those courts merely found that for purposes of removal, they had jurisdiction and what did they have jurisdiction to do? It was to dismiss those cases for lack of subject matter jurisdiction because they were preempted under the LMRA. That is written into the same opinion. They're the same cases we cited. So again, there is an unbroken line of cases that say, just like the circuit court said, this case is preempted under section 301 of the LMRA and the court lacks subject matter jurisdiction in that. Well, that being the case, why didn't you raise that initially? And I'm going to be frank with you is that the Miller case was decided, I believe three weeks before we filed our motion to dismiss, it hadn't been long, certainly at that point. And we did not include it in our initial motion to dismiss. However, again, we did file it. We did ask the judge, judge French Malin for permission to file it. And we did so, you know, shortly thereafter, it was not a point in the case where it's like we were on the eve of trial. There was no prejudice. And again, we were allowed to do it. And it's subject matter jurisdiction. And you had not filed any sort of an answer yet, although there had been timelines set for that, correct? We had not filed an answer that that is correct. I cannot recall off the top of my head, whether or not there had been a, a scheduling order entered with respect to whether an answer will be filed. I can tell you, we certainly never filed one. We were certainly never required to file one. Once we filed our motions, judge French Malin, I believe appropriately, allowed us leave to not file an answer at that time. Would it have made a difference? Do you think just for purposes of this proceeding, that if you had filed a motion to supplement your first motion with the new case, as opposed to a new motion altogether, I think it reaches the exact same result. That was something that I think procedurally if judge French Malin had allowed it would be permissible. However, it's, it, again, a subject matter jurisdiction and, you know, to the extent that there is, you know, an issue with, with when we brought it, there's, there's no prejudice. It extended the case slightly. And had we lost this case, it would have been subject to, you know, attorneys fees. This is an attorney fee shifting statute. So there was no prejudice here as judge French Malin found in affirmatively allowing us to file that second the second motion to dismiss, which was only based on this point. It's not as if we raised a non-subject matter jurisdiction argument when we filed a second motion to dismiss. Any other questions? No, no. Thank you, sir. You may close if you'd like. Thank you, your honor. I'd like to address a few points that my colleague made. The first is that this law is not L M R a, the labor management relations act is no different than the RLA. I would ask, you know, we talked extensively about the Sweeney case and, and the Johnson case that we cited in our brief and some of the other cases and they go through and analyze the out, as compared to other federal statutes. And they say, for example, that had this been the national labor relations act, you couldn't be in court because that law says no subject matter jurisdiction. You have to be in a, in a different forum. And those courts all come to the same conclusion that no, the labor management relations act, it's not about subject matter jurisdiction. You can be, it's not about the form. It's about the law that is applied. So this is not a subject matter jurisdiction issue. And that's where the trial courts analysis was incorrect. Every case that we cite that has analyzed this issue has gone through and said, it's similar to subject matter jurisdiction, but this is not one of those laws that says you can't be in state court or federal court for that matter. So it's, you know, power subject matter jurisdiction, as your honors know, is the power of a court to hear a case. And there's nothing that says that you can't sue under a state statute, just because somebody happens to be in a union. Another point that, that my colleague raised and that the court asked some questions about was the difference between you know, do we have to look at the, is it, is it fair that if we have to look at the collective bargaining agreement, does that preclude us from, from hearing this case? In other words, does that just prevent us from making any decision? I would point out that a collective bargaining agreement isn't like kryptonite to Superman. You're allowed to look at the collective bargaining agreement and see if there's anything in there about the subject matter of the lawsuit, the Hayes bear distributing case from two years ago in the Illinois appellate court, it actually distinguished two earlier Illinois cases that involved how people were paid. And it was an overtime case. And the question and the plaintiff lost in those cases because they were suing and saying, Hey, I was paid. I wasn't paid overtime correctly. And in fact, the collective bargaining agreement, as you would suspect, had what was required for the payment of overtime. So the plaintiff's lost and the defendant got out because of that. It wasn't, this is again about deducting money for stale bear. And in the Hayes case, and I'm going to read the quote because, because it's just right on point. It said, you know, the court said those two prior cases involved claims of violations of Illinois overtime requirements and the labor agreements in both cases contain specific provisions about when overtime had to be paid. Hence the finder of fact would need to interpret the agreements to determine whether the plaintiffs were owed overtime compensation. It then went on to say, but the plaintiffs claim in this case, that the wage act prevents Hayes from deducting money for stale bear without consent does not require reference to, or an interpretation of the collective bargaining agreement. His claims derived solely out of section nine of the wage act, which mandates that employees agree to any wage deductions and writing at the time the deduction is made exactly the same with the biometric act. It requires that employees agree prior to the time their biometric information is taken, that it can be taken. And the collective, you can read the collective bargaining forward and backwards 20 times. It doesn't say anything remotely similar to biometric laws. All the defendants are saying is, Hey, trust us. Maybe we talked about collective bargaining with them. That never happened. There was never any subject of bargaining and they didn't even put an affidavit in their motion to dismiss saying it was. We have two collective bargaining agreements here. Is that correct? That's correct. All right. When either one of those were negotiated, could BIPA have been in part of the discussion based upon when it became law? Yes, I believe so. I don't think it would have been the oh seven agreement, would it? No, I think, I think BIPA was, was enacted about 12 years ago. So I think for the second agreement, it certainly could have been a subject matter of bargaining, but to your point, your honor, if the law didn't even exist at the time, there certainly wouldn't have been any subject matter discussions on that. But the introduction or the implementation of BIPA would have been something that could have been re-approached by the union since it was so significant based upon some of the cases. Couldn't it have been? And shouldn't it have been? Well, it certainly should have been your honor. I would be willing to bet dollars to donuts that it was never discussed. And because if it was discussed, they would have certainly had their employees sign a waiver. But same thing in the Hayes beer distributing case, the topic could have been discussed, but, but you know, it didn't, the bottom bottom line is it's not in the collective bargaining agreement. There's nothing to interpret. If the defendant's position was adopted, then any Illinois statutory claim against a union entity would be barred. Any employer, employer employee statutory claim against a employer would be barred on the basis that maybe the union could have talked about it and could have put it in the collective bargaining agreement. And, and we would all as courts and litigants just have to trust the defendants. Hey, trust us, take our word for it. We may have talked about that. So you can't, you can't adjudicate our case. There's nothing remotely in this collective bargaining agreement. The court had subject matter jurisdiction under several cases that we cite. And for that reason, we would ask that you reverse the trial court's decision and make a determination that the court has subject matter jurisdiction and either make a finding that, that it was waived because they raised substantive issues in their first motion to dismiss or remanded for that second prong for the trial court to make the determination as to whether there was waiver. Now that the court hopefully concludes that there is subject matter jurisdiction. Your time is up, sir. Are there any other questions from the panel? No, thank you. Mr. Fish. My question to you is essentially the same question I, I made to Mr. Selby, which is if the union is a necessary party and was not joined, did the trial court have jurisdiction regardless of what it is called? The union's not a necessary party. They didn't, you know, from our perspective, judge, we sued the employer because it's the employer that collected the biometric information. We didn't sue the union. The union is not a proper plaintiff. It's not a proper defendant. You know, there's just no, there's, there's no seat in the litigant table for the union in this case. Why isn't it a proper defendant? Aren't you affecting its rights? No, we're suing on behalf of our clients who worked for the employer and the union doesn't have rights in this. It's the employee's rights. That's their biometric information that was taken. And the biometric act says an employee who has been aggrieved by this in violation of the statute may sue in the circuit court. And so that's what we did. And the claim is against the employer. The union is not responsible. The union is not collecting a biometric information. I have no other questions. Any other questions from the panel? No, thank you. Thank you. We will take the case under advisement and render a decision in half time. Mr. Marshall, you may close out the proceedings. Thank you. Thank you gentlemen. Thank you. Okay. Closed out the proceedings. You are, you have privacy to delivery. Not the recording, Craig. Thank you.